■ ROSEMARY KINDELAN, Appellant, v SOCIETY OF THE NEW YORK HOSPITAL et al., Defendants, and AMY B. GOLDMAN, Respondent. [715 NYS2d 248] —Order, Supreme Court, Bronx County (George Friedman, J.), entered February 10, 2000, which granted defendant Amy Beth Goldman, M.D.'s motion for summary judgment dismissing the complaint as against her, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.

On the afternoon of May 30, 1994, plaintiff was examined at the emergency room of defendant New York Hospital. She complained of lower back pain as the result of a fall while rollerblading in Central Park. X-rays taken of her lower back were read by defendant Michael Macari, M.D., a third-year radiology resident, who interpreted the films as "negative for fracture or dislocation." Plaintiff was discharged from the hospital at about 7:15 P.M.

The following morning, the X-rays were re-read by defendant

Amy Beth Goldman, M.D., Dr. Macari's superior, who detected an acute compression fracture of the L-1 vertebra. After speaking with Dr. Goldman, Dr. Macari dictated a final report, which was apparently not transcribed until June 6, 1994.

At her examination before trial, plaintiff testified that she was never notified of the fracture by defendant hospital. Still in severe pain, plaintiff telephoned the hospital on June 1, 1994, two days after she was seen in the emergency room, to verify her X-ray results and was again told they were negative for fracture or dislocation. It was not until February 1996, upon consulting another physician, that plaintiff obtained copies of the films. This medical malpractice action ensued.

It is undisputed that the X-rays were misread by Dr. Macari and correctly interpreted by Dr. Goldman. However, it is not clear whether the correct results were ever communicated to the attending physician in charge of the emergency room so that the patient could be informed of the diagnosis. The record is replete with testimony as to the hospital's customary procedure, but devoid of testimony that it was actually complied with in this case. Dr. Goldman testified that she had no recollection of either reviewing plaintiff's X-rays or communicating with the head of the emergency room concerning the error. Likewise, Dr. Macari had no particular recollection of plaintiff's case nor of any conversation between Dr. Goldman and the emergency room attending physician.

The record contains ample evidence from which a jury might draw the inference that customary procedure was not followed in this matter. Despite having plaintiff's address and telephone number on file, the hospital did not contact her. Nor did the hospital inform plaintiff of the correct diagnosis when she telephoned two days later. Absent from plaintiff's medical record is the "order slip" that Dr. Goldman testified would be prepared, containing the patient's personal information and telephone number, for use by a clerk where a "callback" was indicated. The final radiology report prepared by Dr. Macari makes no mention of the prior misreading nor of any efforts to disseminate an accurate diagnosis.

Evidence of a regular practice or habit allows an "inference of its persistence" (*Halloran v Virginia Chems.*, 41 NY2d 386, 392). Evidence of record permits a contrary inference and, thus, a question of fact is presented for resolution at trial. Concur—Sullivan, P. J., Nardelli, Rubin, Saxe and Friedman, JJ.