■ EAGLE TRANSFER CORP., Appellant, v GREATER NEW YORK MUTUAL INSURANCE COMPANY et al., Defendants, and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Respondent. (And a Third-Party Action.) [736 NYS2d 863] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered July 10, 2001, which, inter alia, declared in favor of defendant-respondent excess insurer that it has no obligation to indemnify plaintiff insured in an underlying action for personal injuries, unanimously affirmed, without costs.

The IAS court correctly held that, as a matter of law, plaintiff had information from which it could reasonably conclude that its exposure in the underlying action was in excess of $250,000, and that it was therefore required to give defendant immediate notice thereof, no later than 1996, when partial summary judgment on the issue of liability was granted in favor of the plaintiff in the underlying action, who was demanding $2.5 million to settle and was then deposed by plaintiff regarding

the nature and extent of his injuries and resulting lost earnings. As the IAS court noted, there is no real dispute that the ensuing three-year delay in giving defendant notice of the underlying action, until four months prior to the inquest in the underlying action, was unreasonable as a matter of law. Nor does plaintiff raise an issue of fact as to whether its insurance broker gave defendant written notice of the underlying action shortly after its commencement in 1993. While evidence of a regular practice or habit is generally admissible to show conformity therewith (*see, Kindelan v Society of N.Y. Hosp.*, 277 AD2d 75, 76), the cursory affidavit of the broker's employee, who did not herself handle the claim, to the effect that it is the broker's practice to immediately notify both the primary and excess insurer of any claim, is insufficient to counter the absence of any other proof of such notice and defendant's database log of claim notifications indicating that it never received such notice until 1999. We have considered plaintiff's other arguments and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Saxe, Sullivan and Ellerin, JJ.